IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED VAN LINES, LLC ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 4:23-cv-01651 |
| v. ) | |
| ) | |
| STEVEN ZAMORA and ) | |
| JESSICA RODAS, ) | |
|     Defendants. ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE UNITED STATES DISTRICT COURT:

Plaintiff, United Van Lines, LLC ("United" or "Plaintiff"), complaining of Defendants Steven Zamora ("Zamora") and Jessica Rodas ("Rodas") (collectively, "Defendants"), alleges as follows:

**JURISDICTION**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1337. This action invokes the Court's federal question jurisdiction because this action seeks to determine the rights and liabilities of United and Defendants under United's interstate Bill of Lading contract (hereinafter "Bill of Lading"), United's UMT1 interstate tariff (hereinafter "Tariff"), and pursuant to the Carmack Amendment, an act of Congress regulating commerce, 49 U.S.C. § 14706 (hereinafter "Carmack Amendment") and 49 U.S.C. § 14501(c) (hereinafter "FAAAA"). Defendants' claim(s) against United seek remedies directly arising from the Carmack Amendment, and call upon the Court to interpret the statute, as well as the Bill of Lading and the Tariff incorporated therein, which, together, control the rights and obligations between United and Defendants. The amount in controversy also exceeds the minimum threshold required by 28 U.S.C.

§ 1337, as Defendants seek to collect damages from United in excess of $10,000, exclusive of interest and costs.

2.      The matters complained of herein, and the alleged liability of United, arise from the interstate transportation of Defendants' household goods and personal property (hereinafter, the "Goods") from California to Texas.

## PARTIES

3.      Plaintiff United is a Missouri limited liability company which has its principal place of business at One United Drive, Fenton, Missouri 63026.  United is a motor carrier and is engaged in the performance of interstate carriage for hire by the authority of the Surface Transportation Board (formerly the Interstate Commerce Commission).

4.      Defendants are citizens and residents of the State of Texas.  Defendants may be served by delivering Summons and this Complaint to Defendants at their home address: 25106 Devlin Creek Dr., The Woodlands, Texas 77380.

## VENUE

5.      Original jurisdiction is conferred upon this action arising under Acts of Congress regulating commerce by 28 U.S.C. § 1331 and § 1337.

6.      Venue is proper in the Southern District of Texas, Houston Division, as Defendants reside in this District and Division, and Defendants are subject to personal jurisdiction in this District and Division.  Venue is accordingly proper under 28 U.S.C. 1391(b)(1) and 1391(c)(1).

## DECLARATORY JUDGMENT

7.　　United seeks a declaration from this Court concerning the rights and liabilities of United and Defendants under the Bill of Lading between United and Defendants for the interstate transportation of the Goods. A copy of the Bill of Lading governing the interstate transportation of the Goods is attached hereto as Exhibit A.

8.　　The Goods were transported by United from California to Texas pursuant to the Bill of Lading, the Tariff incorporated therein, and the Carmack Amendment. Defendants claim that, during the course of the interstate transportation of their shipment, some of the Goods sustained damage and that other Goods were purportedly stolen/lost. As a result, Defendants seek to recover from United damages in the amount of approximately $48,426.10.

9.　　Defendant Zamora has asserted that he will bring claims against United and every other party involved in the move which include, but are not limited to, claims for bad faith and unfair dealing, claims for breach of state privacy laws, and claims for exemplary damages and punitive damages.

10.　　First, with respect to the claimed *damaged* items, Defendants have refused and continue to refuse to permit United to inspect Defendants' claimed damaged Goods. This refusal is in violation of United's rights under the Bill of Lading and the Tariff.

11.　　The Bill of Lading and the Tariff provide United with a right of inspection. Defendant Zamora signed the Bill of Lading, which incorporates by reference the Tariff. The Tariff provides United with an absolute right to inspect any item that is reported to have been damaged during interstate transit, to confirm whether transit related damage exists, and to assess if the item can be repaired. Specifically, the Tariff (Item 35(b)) provides:

　　(b) Opportunity to Inspect; Supporting Documents:

#TQVULF730D1JT2v2

> Carrier must be promptly notified of concealed damage or shortage and given reasonable opportunity to inspect all articles claimed damaged, including any cartons or packing materials used for such articles during shipment. Customer must refrain from moving and attempting to repair, or disposing of an allegedly damaged item, or its packing, if any, before carrier's inspection of those articles. Moving or disposal of an allegedly damaged article prior to carrier's inspection will be construed as denial of carrier's reasonable opportunity to inspect the allegedly damaged item and its packing.
>
> . . .

See Exhibit B.

12. Second, with respect to the claimed stolen/lost and damaged items, Defendants have refused and continue to refuse to provide any documentation or substantiation in support of their claimed stolen/lost and damaged items. The claimed stolen/lost and claimed damaged items, which purportedly include expensive jewelry, were not listed by Defendants on United's High Value Inventory form. None of the items that Defendants have reported as stolen/lost and damaged were listed on the High Value Inventory form.

13. Pursuant to the Bill of Lading and the Tariff, Defendants are not entitled to compensation for any claimed stolen/lost and damaged item unless Defendants can meet all parts of their required Carmack burden of proof and provide sufficient supporting documentation for the claimed stolen/lost and claimed damaged items. In relevant part, the Tariff (Item 35(b)) provides as follows:

> (b) Opportunity to Inspect; Supporting Documents:
>
> . . .
>
> Each claim must be supported by **proof of payment of all charges** for the shipment, and **for each article claimed, documents providing the basis for the amount claimed.** (Emphasis added).

See Exhibit B.

14. To recover any compensation for the claimed stolen/lost and damaged items, Defendants must, among other things, provide documentation that shows that the items were tendered to United at origin, that the items were not delivered at destination, and substantiate the amount of damages being claimed for each of the reported stolen/lost and damaged items, with supporting evidence such as purchase receipts or invoices. *See also* 49 U.S.C. § 14706.

15. Third, the specific damages Defendants seek to recover are not permitted by the Bill of Lading, the Tariff, and federal law. United's liability for alleged loss and/or damage to the Goods, if any, is limited to the total released value of the Goods (namely, $49,100). The total value for the shipment declared by Defendants on the Bill of Lading contract is $49,100. *See* Exhibit A. Thus, United's liability, if any, cannot exceed this $49,100.00 amount. Additionally, the Bill of Lading, High Value Inventory form, Tariff, and federal law further limit the amount of damages that Defendants are entitled to recover for each individual, purportedly high value inventory item, including Defendants' claimed stolen/lost jewelry. United's High Value Inventory form (true and correct copies of which are attached hereto as Exhibit C) provides the following:

> . . .
>
> If you have not listed articles having a value in excess of $100 per pound per article on this inventory, your signature below attests to the fact that such articles are not included in your shipment. If through inadvertence or any other cause, items having a value in excess of $100 per pound per article are included in your shipment and you fail to list those items on this inventory, or fail to sign this inventory, you expressly agree that the carrier's liability for loss or damage to those items will be limited to no more than $100 per pound per article (based upon the actual article weight).

*See* Exhibit C. Thus, to the extent any items having a value in excess of $100 per pound per article were included in the shipment (i.e., Defendants' reported stolen jewelry), United's liability (if any)

#TQVULF730D1JT2v2

for alleged loss of or damage to those items is limited to no more than $100 per pound per article (based upon the actual article weight).

16. Moreover, under federal law, United's limitations of liability (i.e., the released value of the shipment and the High Value Inventory limitation of liability) applies to both Defendants.

17. In accordance with the foregoing, United respectfully seeks a declaration by this Court of the rights and liabilities of the parties under United's interstate Bill of Lading contract, United's UMT1 interstate tariff, and governing federal law.

## CONCLUSION AND PRAYER

WHEREFORE, United respectfully requests that this Court:

a. Declare the rights and liabilities of the parties under the attached interstate Bill of Lading and tariff provisions, as requested herein;

b. Declare that the Carmack Amendment, 49 U.S.C. 14706, and FAAAA, 49 U.S.C. § 14501(c), preempt any state law and common claims that Defendants may attempt to assert;

c. Declare that United is entitled to inspect the claimed damaged Goods;

d. Declare that Defendants are not entitled to compensation for any claimed stolen/lost and claimed damaged item unless Defendants can meet all parts of their Carmack burden of proof for each item, which includes providing sufficient supporting documentation to support the amounts being claimed for the claimed stolen/lost and claimed damaged items;

e. Declare that United's liability for alleged loss and/or damage to the Goods, if any, is limited to the total released value of the Goods (namely, $49,100.00);

f. Declare that, to the extent any items having a value in excess of $100 per pound per article were included in the shipment, United's liability (if any) for claimed loss or damage to those items is limited to no more than $100 per pound per article (based upon the actual article weight);

g. Declare that both Defendants are subject to the foregoing limitation(s) of liability;

h. Resolve any other questions or controversies that might remain between United and Defendants;

i. Award all costs of this action including attorneys' fees and costs of court to United; and

j. Grant United such other and further relief to which United may demonstrate itself justly entitled.

Respectfully submitted,

 /s/ Vic H. Henry
Vic H. Henry
TBA No. 09484250
vhhenry@hoaf.com
Emileigh S. Hubbard
TBA No. 24076717
ehubbard@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER,**
**a Professional Corporation**
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile:  (214) 658-1919

**ATTORNEYS FOR PLAINTIFF**
**UNITED VAN LINES, LLC**