Steven Zamora, Esq.
TX SBN 24120410
Southern District of TX#3844846
Before Abraham was, I AM
9450 Pinecroft Dr. Unit 9834
The Woodlands, TX 77387
Telephone:   (858) 382-1064
Facsimile:   (832) 543-1329
E-mail:      stevenzamora@beforeabrahamwas-iam.org

Attorney for Defendants
JESSICA RODAS and STEVEN ZAMORA

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED VAN LINES, LLC<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ZAMORA and<br>JESSICA RODAS<br><br>Defendants. | CASE NO.: 4:23-cv-01651<br><br>**AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS JESSICA RODAS AND STEVEN ZAMORA'S AMENDED MOTION TO DISMISS PLAINTIFF UNITED VAN LINES, LLC'S COMPLAINT**<br><br>Date<br>Time:<br>Courtroom:       9F<br>District Judge:  Hon. Charles Eskridge<br>Magistrate Judge: Hon.<br>Complaint Filed: May 3, 2023<br>Trial Date:      Not Assigned |

Steven Zamora and Jessica Rodas, ("Defendants"), move to dismiss this action for Declaratory Judgment sought under Rule 12(b)(6) of the Federal Rules of Civil Procedure by the Plaintiff.

## **Grounds for Motion**

The grounds for the motion are that, even if the allegations of the complaint were true, this action for Declaratory Judgment fails to state a claim on which relief may be granted because Plaintiff asserts that Defendant, Jessica Rodas, is a proper Defendant for this action without connecting her to their complaint even though the Plaintiff's complaint

1

includes Exhibit A Bill of Lading, Exhibit B Tariff and/or Contract, and Exhibit C High Value Inventory and/or Contract, which these Exhibits were never presented to, reviewed by or signed by her in the State of California or in State of Texas. The actions complained about were taken by the Defendant, Jessica Rodas, in surprise, since she had never been presented, nor reviewed, or signed all the Plaintiff's complaint Exhibits. This court should be taken in surprise as well because the Plaintiff's complaint assumes she is a Defendant without establishing this through the application of law and facts in particularity as required under Federal Rules of Civil Procedure 8. Therefore, an action for Declaratory Judgment according to Plaintiff's relevant complaint's Conclusion and Prayers (herein "C&P") a. through h., as discussed below, are not possible because Defendant, Jessica Rodas, cannot have her rights determined based on the Plaintiff's Exhibits and/or Contracts, she was never presented to enable her to have personal knowledge of them in order to make a sound and competent decision to sign and be bound by them. The court may take judicial notice of these facts.

## Discussion

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted…a motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. *Federal Rules of Civil Procedure 12(b)(6).*

Applied to the complaint, plaintiff's claim for relief is being requested to be dismissed via this motion by the Defendants. In doing so, Defendants are asserting this defense as it must be made before pleading if a responsive pleading is allowed or in other words, the Defendants' answer.

Unless the court sets a different time, the effect of this motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served. *Id.* Applied to this complaint, since Defendant's asserted this motion on 5/26/23, then the Defendant's responsive pleading will be served per (A) and (B) above.

Therefore, Defendants' answer will be served per the altered time above.

**THE COMPLAINT LACKS MERIT ON ITS FACE AND CANNOT BE CORRECTED**.

Even if not frivolous, a claim can lack merit on its face, either because the claim does not and cannot state a plausible claim or it is unambiguously barred, on its face, by an applicable affirmative defense. Such claims should be challenged by a Rule 12(b)(6) motion.

Applied to the complaint, the Plaintiff does not and cannot state a plausible claim due the complaint's reliance on the Exhibits to pull in Defendant, Jessica Rodas, who was not presented them, nor did she review and sign them.

C&P a. As requested in the complaint by the Plaintiff, the court cannot declare the rights and liabilities of the Defendants under the attached interstate Bill of Lading and tariff provision because Defendant, Jessica Rodas, was not presented them, nor did she review them or sign them.

C&P c. As requested in the complaint by the Plaintiff, the court cannot declare that United is entitled to inspect the claimed damaged Goods because Defendant, Jessica Rodas, did not sign and agree to confer that right onto the Plaintiff.

C&P e. As requested in the complaint by the Plaintiff, the court cannot declare that United's liability for the alleged loss and/or damage to the Goods, if any, is limited to the total released value of the Goods (namely, $49,100) because Defendant, Jessica Rodas, did not sign and agree to confer that right onto the Plaintiff.

C&P f. As requested in the complaint by the Plaintiff, the court cannot declare that, to the extent any items having a value in excess of $100 per pound per article were included in the shipment, United's liability (if any) for claimed loss or damage to those

items is limited to no more than $100 per pound per article (based upon the actual article weight) because Defendant, Jessica Rodas, did not sign and agree to confer that right onto the Plaintiff.

C&P g. As requested in the complaint by the Plaintiff, the court cannot declare that both Defendants are subject to the foregoing limitations(s) of liability because Defendant, Jessica Rodas, did not sign and agree to confer that right onto the Plaintiff.

C&P h. As requested in the complaint by the Plaintiff, the court cannot resolve any other questions or controversies that might remain between United and Defendants because Defendant, Jessica Rodas, did not sign and agree to confer that right onto the Plaintiff.

C&P i. As requested in the complaint by the Plaintiff, the court cannot award all costs of this action including attorneys' fees and cost of court to United because Defendant, Jessica Rodas, did not sign and agree to confer that right onto the Plaintiff.

C&P j. The court cannot grant United such other and further relief to which United may demonstrate itself justly entitled because Defendant, Jessica Rodas, did not sign and agree to confer that right onto the Plaintiff.

Therefore, a Declaratory Judgment that avails her to the unsigned Exhibits lacks merit on its face and Plaintiff's cannot state a plausible claim due to this fact and as stated above.

**PLAINTIFF'S COMPLAINT IS OVERREACHING.**

If a complaint is a mixture of both facially valid and invalid claims, consider bringing a Rule 12(b)(6) motion to eliminate the invalid claims and/or one or more named defendants.

Applied to the complaint, the Plaintiff's complaint is overreaching to bring in invalid claims for Declaratory Judgment against Defendant, Jessica Rodas, due all the reasons stated above.

///

///

1 **DUE TO THE ABOVE ASSERTED FACTS, DEFENDANT, JESSICA RODAS,**
2 **DID NOT HAVE FAIR NOTICE OF WHAT THE CLAIM IS AND THE GROUND**
3 **UPON WHICH IT RESTS AND ALLEGE A PLAUSIBLE ENTITLEMENT TO**
4 **RELIEF.** *Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019).*

5 Therefore, since Defendant, Jessica Rodas, did not have fair notice (reviewing and
6 signing the Exhibits) of what [possible] claims [could be] or [are] and the ground upon
7 which it rests (the Exhibits) and allege a plausible entitlement to relief (Plaintiff's
8 complaint), then the court shall dismiss the complaint.

9 Furthermore, a claim is also subject to dismissal if there is "absence of sufficient
10 facts alleged to support a cognizable legal theory. *Taylor v. Yee, 780 F.3d 928, 935 (9th*
11 *Cir. 2015).* Applied to this complaint, there are insufficient facts to support the legal
12 theory of Declaratory Judgment on the Defendants because Defendant, Jessica Rodas, did
13 not sign any of the Exhibits.

14 Therefore, the court should grant this motion for dismissal in totality because the
15 complaint, including the Exhibits, do not provide sufficient facts to determine accurately a
16 Declaratory Judgment on the Defendants as a cognizable legal theory.

17 **"EXHIBIT PREVAILS" RULE SUPPORTS THE COURT RULING TO DISMISS**
18 **THIS ENTIRE COMPLAINT.**

19 Generally, when a claimant "attaches documents and relies upon the documents to
20 form the basis for a claim or part of a claim, dismissal is appropriate if the document
21 negates the claim." *Thompson v. Ill. Dep't of Pro. Regul., 300 F.3d 750, 754 (7th Cir.*
22 *2002); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Michel v.*
23 *NYP Holdings, Inc., 816 F.3d 686, 707 (11th Cir. 2016).*

24 Applied to the complaint, the Plaintiff's complaint includes attached documents
25 (the Exhibits) and relies upon them to form the basis for a claim (Declaratory Judgment
26 upon the Defendants), dismissal is appropriate if the document negates the claim. In sum,
27 the Exhibits in themselves negate the claim against both Defendants because the court
28 cannot use these documents to make a Declaratory Judgment due to Defendant, Jessica

1  Rodas, never being presented them, nor did she have an opportunity to review them and
2  execute them.
3      Therefore, the court shall dismiss this case due to the "Exhibit Prevails" Rule.
4  **THE EXHIBITS INCONTROVERTIBLY CONTRADICTS THE ALLEGATIONS**
5  **IN THE COMPLAINT.** When "an exhibit incontrovertibly contradicts the allegations in
6  the complaint, the exhibit ordinarily controls, even when considering a motion to
7  dismiss." *Bogie v. Rosenberg, 705 F.3d 603, 609 (7th Cir. 2013)*.
8  Applied to this complaint, the Plaintiff's complaint argues that Defendant, Jessica Rodas,
9  is a proper defendant in this case despite the fact that Jessica did not review or sign the
10 Exhibits. As a result, the Exhibits and the Plaintiff's written complaint contradict each
11 other. This is because the Plaintiff's written complaint holds Defendant, Jessica Rodas, to
12 the claim sought while the Exhibits do not.
13     Therefore, the court should rule that the Exhibits ordinary control in relation to the
14 Plaintiff's contradictions in their written complaint and as a result, dismiss the entire
15 complaint because the Exhibits exclude Defendant, Jessica Rodas.

### Conclusion and Prayer

17   Due to the above Discussion, the Defendants move to dismiss the complaint for failure
18 of the Plaintiff to state a claim for Declaratory Judgment against the Defendants under
19 Rule 12(b)(6) of the Federal Rules of Civil Procedure. We are asking for the following:
20 - The court to grant this motion to dismiss the entire complaint, or the court to grant
21    any other type of dismissal to the complaint in accordance with the Federal Rules
22    of Civil Procedure.
23 - The court to award all costs incurred for this motion and all related matters,
24    including attorney fees and costs to Defendants.
25 ///
26 ///
27 - The court to grant other such other relief to which the Defendants may demonstrate
28    itself justly entitled to, including, but not limited to compensatory, special, and/or

punitive damages.

**Before Abraham was, I AM**

Dated: May 31, 2023     By:     s/Steven Zamora
Steven Zamora, Esq.
Attorney for Defendants
**JESSICA RODAS and STEVEN ZAMORA**
stevenzamora@beforeabrahamwas-iam.org

## CERTIFICATE OF WORD COUNT

I hereby certify that this motion contains 1,913 words, including footnotes. In making the certification, I relied on the word count of the computer program used to prepare the motion.

**Before Abraham was, I AM**

Dated: May 31, 2023       By:   s/Steven Zamora
                                Steven Zamora, Esq.
                                Attorney for Defendants
                                **JESSICA RODAS and STEVEN ZAMORA**
                                stevenzamora@beforeabrahamwas-iam.org